EXHIBIT A

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-06803-S4**
**7/24/2024 2:15 PM**
**TIANA P. GARNER, CLERK**

**IN THE STATE COURT OF GWINNETT COUNTY**

**STATE OF GEORGIA**

**NORMA L. RIVERA,**

Plaintiff,

v.

**WALMART INC. d/b/a SAM'S CLUB DULUTH, JOHN DOE (1-3) and ABC CORPORATION (1-3),**

Defendants.

CIVIL ACTION FILE NO.
24-C-06803-S4

JURY TRIAL DEMANDED

**COMPLAINT**

COMES NOW Plaintiff NORMA L. RIVERA and files this Complaint for Damages against Defendants WALMART INC., JOHN DOE (1-3) and ABC CORPORATION (1-3) as follows:

**INTRODUCTION**

1.

This civil action is brought by Plaintiff Norma L. Rivera for the recovery of damages for bodily injuries caused by an incident that occurred on July 31, 2022 at the premises of Sam's Club Duluth, Store No. 8166, located at 3450 Steve Reynolds Boulevard, Duluth, Georgia 30096. Herein, Plaintiff seeks recovery of her damages from the Defendants pursuant to legal theories of liability for negligence, premises liability, and vicarious liability.

**PARTIES AND JURISDICTION**

2.

Plaintiff Norma L. Rivera ("Plaintiff") is a resident of the State of Georgia and hereby submits herself to the jurisdiction of this Court.

3.

Defendant Walmart Inc. ("Defendant Walmart") is a Foreign Profit Corporation, is incorporated under the laws of the State of Delaware, and is authorized by the Georgia Secretary of State to conduct business in the State of Georgia.

4.

Defendant Walmart has an office and transacts business in Gwinnett County, Georgia.

5.

At all times relevant to Plaintiff's Complaint, Defendant Walmart, and/or its subsidiaries, owned, operated, occupied, managed, and maintained Sam's Club Duluth, Store No. 8166, located at 3450 Steve Reynolds Blvd. Duluth, GA, 30096, in Gwinnett County (the "Subject Premises").

6.

In this action for damages because of torts, wrong, and/or injury done, Plaintiff's causes of action originated at the Subject Premises in Gwinnett County, Georgia.

7.

Defendant Walmart may be served by and through its Registered Agent, to-wit: The Corporation Company (FL), 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, Georgia 30040, or as otherwise provided by law.

8.

Defendants John Doe (1-3) are individuals that may have liability in this case but whose identities are unknown to Plaintiff but known to Defendant.

9.

Defendants ABC Corporation (1-3) are (a) unknown corporate entities responsible for maintenance or cleaning of the Subject Premises, and/or (b) unknown corporate entities which own the Subject Premises, and/or (c) unknown corporate entities that employ the persons responsible for maintaining the Subject Premises.

10.

Jurisdiction and venue are proper in this Court. O.C.G.A. § 14-2-510; *See also,* O.C.G.A. § 9-10-31.

**GENERAL ALLEGATIONS**

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

On July 31, 2022, Plaintiff was an invited guest at the Defendant Walmart's place of business, located at 3450 Steve Reynolds Blvd., Duluth, GA 30096, for the purpose of shopping.

13.

While shopping at the Subject Premises on July 31, 2022, Plaintiff walked into the produce department of the Subject Premises.

14.

While in the produce department of the Subject Premises, Plaintiff encountered a foreign substance on the floor (the "Hazard"), which caused Plaintiff to slip and fall to the ground.

15.

As a result of the aforementioned slip and fall, Plaintiff's right knee impacted the ground.

EXHIBIT A

16.

As a result of the aforementioned slip and fall, Plaintiff sustained serious bodily injuries and incur significant damages.

17.

Plaintiff was unaware of the Hazard at the Subject Premises prior to her fall.

18.

Plaintiff was exercising ordinary care for her own safety at all times relevant to this incident.

**COUNT I**
**NEGLIGENCE OF DEFENDANT WALMART**

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

20.

At all relevant times, Defendant Walmart owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendant Walmart did violate them in the following particulars, at least:

a. in failing to exercise ordinary care in keeping the Subject Premises safe;

b. in failing to make the Subject Premises free of a hazard;

c. in failing to discover a hazard on the Subject Premises through reasonable inspection procedures;

d. in failing to have reasonable inspection procedures in place;

e. in failing to adhere to reasonable inspection procedures;

f. in failing to train its employees properly;

EXHIBIT A

g. in failing to warn customers of a hazard; and

h. in committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

21.

Defendant Walmart knew, or reasonably should have known, of the Hazard at the Subject Premises and, therefore, had actual and/or constructive knowledge of the Hazard.

22.

Defendant Walmart's breach of one or more civil duties owed to Plaintiff was the direct and proximate cause of Plaintiff's bodily injuries and damages resulting therefrom.

23.

As a result of Defendant Walmart's negligence, Defendant Walmart is liable to Plaintiff for Plaintiff's damages, more fully identified below.

**COUNT II**
**NEGLIGENCE PER SE OF DEFENDANT WALMART**

24.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

25.

At all relevant times, Plaintiff was an invitee on the Subject Premises.

26.

Pursuant to O.C.G.A. § 51-3-1, Defendant Walmart owed a non-delegable duty of reasonable care in keeping the Subject Premises safe for invitees, such as Plaintiff.

EXHIBIT A

27.

Defendant Walmart's breach of a duty established by Georgia law and owed to Plaintiff was the direct and proximate cause of Plaintiff's bodily injuries and damages resulting therefrom.

28.

As a result of Defendant Walmart's negligence *per se*, Defendant Walmart is liable to Plaintiff for Plaintiff's damages, more fully identified below.

**COUNT III**
**NEGLIGENCE OF DEFENDANTS JOHN DOE (1-3)**

29.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully restated.

30.

At all relevant times, Defendants John Doe (1-3) owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendant John Doe (1-3) did violate them in the following particulars, at least:

a. in failing to train employees/agents regarding safety measures at the Subject Premises;
b. in failing to identify potential hazards on the Subject Premises;
c. in failing to warn invitees at the Subject Premises of a hazard;
d. in failing to take action to warn invitees of a hazard; and/or
e. in committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

EXHIBIT A

31.

Defendants John Doe (1-3)'s breach of one or more civil duties owed to Plaintiff was the direct and proximate cause of Plaintiff's bodily injuries and damages resulting therefrom.

32.

As a result of Defendants John Doe (1-3)'s negligence, Defendants John Doe (1-3) are liable to Plaintiff for Plaintiff's damages, more fully identified below.

**COUNT IV**
**VICARIOUS LIABILITY OF DEFENDANT WALMART**

33.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 32 above as if fully restated.

34.

At all times relevant to this action, the individuals responsible for inspecting, stocking, cleaning, maintaining, and operating equipment in the area where Plaintiff was injured were employed by Defendant Walmart and were acting within the scope of their employment.

35.

Defendant Walmart is responsible for the conduct of these individuals under the doctrine of respondeat superior, agency, or apparent agency, and pursuant to O.C.G.A. § 51-2-2.

36.

As a result of Defendant Walmart's relationship with other tortfeasors, known or unknown, Defendant Walmart is liable to Plaintiff for Plaintiff's damages, more fully identified below.

**COUNT V**
**NEGLIGENCE OF DEFENDANTS ABC CORPORATION (1-3)**

37.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 36 above as if fully restated.

38.

At all relevant times, Defendants ABC Corporation (1-3) owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendant ABC Corporation (1-3) did violate them in the following particulars, at least:

a. in failing to exercise ordinary care in keeping the Subject Premises safe;

b. in failing to make the Subject Premises free of hazards;

c. in failing to discover a hazard on the Subject Premises through reasonable inspection procedures;

d. in failing to have reasonable inspection procedures in place;

e. in failing to adhere to reasonable inspection procedures;

f. in failing to train its employees properly;

g. in failing to warn customers of hazards; and

h. in committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

39.

Defendants ABC Corporation (1-3)'s breach of one or more civil duties owed to Plaintiff was the direct and proximate cause of Plaintiff's bodily injuries and damages resulting therefrom.

EXHIBIT A

40.

As a result of Defendants ABC Corporation (1-3)'s negligence, Defendants ABC Corporation (1-3) are liable to Plaintiff for Plaintiff's damages, more fully identified below.

**DAMAGES**

41.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 40 above as if fully restated.

42.

As a result of Defendants' breach of one or more duties, Plaintiff suffered injuries and damages, including severe physical injuries, aggravation of pre-existing conditions, medical and other necessary expenses, lost wages or income, and mental and physical pain and suffering.

43.

All damages to Plaintiff alleged herein were proximately caused jointly and separately by the negligence of the Defendants.

44.

As a result of Defendants' breach of one or more duties, Plaintiff incurred medical expenses of $164,546.97.

45.

Plaintiff's injuries are permanent, and, in the future, Plaintiff will suffer permanent physical impairment, medical and other necessary expenses, and mental and physical pain and suffering.

46.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages, including general damages and special damages, from Defendants in an amount to be proven at

EXHIBIT A

trial.

**ATTORNEYS' FEES & COSTS PURSUANT TO O.C.G.A. § 13-6-11**

47.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 46 above as if fully restated.

48.

There is no bona fide dispute as to Defendants' liability for the subject incident and Plaintiff's injuries resulting therefrom. In the event Defendants deny liability, Defendants would be acting stubbornly litigious or causing Plaintiff unnecessary trouble and expense in this litigation.

49.

In the event Defendants deny liability, Plaintiff provides notice that she will seek her expenses of litigation, including her reasonable attorneys' fees and costs, pursuant to O.G.G.A. § 13-6-11.

**PUNITIVE DAMAGES**

50.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 48 above as if fully restated.

51.

Defendants' conduct was reckless, willful and wanton, and/or demonstrated a conscious indifference to the consequences of their actions.

52.

Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays and demands as follows:

i. That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

ii. That service be had upon Defendants as provided by law;

iii. That the Court award and enter a judgment in favor of Plaintiff, and against Defendants, for Plaintiff's compensatory damages, including but not limited to her general damages and special damages, in an amount to be proven at trial;

iv. That Plaintiff is awarded litigation costs pursuant to O.C.G.A. § 13-6-11;

v. That this Court award and enter a judgment in favor of Plaintiff, and against Defendants, for punitive damages;

vi. That Plaintiff has a trial by a jury as to all issues; and

vii. That Plaintiff has such other and further relief as the Court may deem just and proper.

Respectfully submitted,
**LAW OFFICE OF SUTTON T. SLOVER, PC**
*/s/ Kevin W. Burkhart*

**SUTTON T. SLOVER**
Georgia Bar No. 325602
sslover@sloverlaw.net
**KEVIN W. BURKHART**
Georgia Bar No. 327495
kevin@sloverlaw.net
**JOSEPH R. MOSS**
Georgia Bar No. 674666
jody@sloverlaw.net
*Attorneys for Plaintiff*

5901 Peachtree Dunwoody Rd., Suite A220
Atlanta, Georgia 30328
P: 404-768-0292
F: 404-419-6011